UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTEX HOMES, a Nevada General
Partnership,

    Plaintiff,

v.                                           Case No. 8:07-CV-364-T-23MAP

TURLINGTON CUSTOM STUCCO &
PLASTERING, et al.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Before the Court are Defendants Reliable Roofing & Gutters, Inc. ("Reliable") and Universal Lumber Specialties Inc.'s ("Universal") motions to dismiss/ abate action (docs. 15 and 16) and Universal's motion seeking order referring matter to arbitration (doc. 21). Plaintiff Centex Homes filed this action and at least two others on the same date against Reliable, Universal and other subcontractors it hired to construct various residential real estate developments.[1] The suits allege the subcontractors negligently constructed the residences and seek indemnification from them for amounts Plaintiff paid to homeowners whose homes were damaged due to water intrusion allegedly caused by defective construction.

    Plaintiff advised me that in one of the related cases United States District Judge Richard A. Lazzara entered an order denying Defendant Universal's motion to dismiss/ abate, a motion that is the same as the one Universal filed in this case. *See* 8:07-cv-366-T-26MSS (doc. 17). After reviewing Judge Lazzara's order, I too find that Plaintiff's complaint satisfies Fed.R.Civ.P. 8(a).

---

[1] The other cases are *Centex Homes v. Mr. Stucco, Inc.*, 8:07-cv-365-T-27MSS and *Centex Homes v. Mr. Stucco, Inc.*, 8:07-cv-366-T-26MSS.

Plaintiff's claims are adequately stated and are supported by facts consistent with the allegations. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (May 21, 2007) ("once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint"). As Judge Lazzara stated in his order, Plaintiff is correct in its contention that § 558.003, Fla. Stat. (2006) does not apply to Plaintiff's claims because general contractors are excluded from the definition of "Claimant" therein. I find Plaintiff sufficiently alleged damages to "other property" as a consequence of Defendant's negligence, and additionally it is premature at this juncture to invoke the economic loss rule. Furthermore, at the hearing before me Defendant Universal abandoned its request to dismiss the complaint pursuant to an arbitration clause. Both sides, at least at this stage, agree no arbitration clause exists. Accordingly, it is hereby

**RECOMMENDED**:

1. Defendant Reliable's motion to abate action (doc. 15) be DENIED.

2. Defendant Universal's motion to dismiss/ abate action (doc. 16) be DENIED.

3. Defendant Universal's motion seeking order referring matter to arbitration (doc. 21) be DENIED without prejudice. Defendant Universal shall be permitted to re-file the motion if and when it discovers a written contractual agreement between the parties containing an arbitration provision.

IT IS SO REPORTED at Tampa, Florida, on June 8, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).


Copies furnished to:
Hon. Steven D. Merryday
Counsel of Record